Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496 - 5187
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
(PORTLAND DIVISION)

| | |
|---|---|
| N. GENEVIEVE WU, individually,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH & SCIENCE UNIVERISTY, a public corporation,<br><br>Defendant. | Case No. 3:22-cv-948<br><br>COMPLAINT<br><br>**Jury Trial Demanded** |

## I.  INTRODUCTION

Plaintiff, N. Genevieve Wu ("Plaintiff"), by and through her attorney herein, states and alleges claims against Defendant Oregon Health & Science University ("Defendant" or "OHSU") as follows:

## II.  PRELIMINARY STATEMENT

1.  This is an employment law action for Defendant's violations of Federal law relating to family medical leave, which resulted in Plaintiff's termination from employment.  Plaintiff alleges that Defendant as her employer, interfered with or denied one or more rights for taking

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

protected leave under the Federal Family & Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA" or "Act").  Plaintiff seeks monetary and injunctive relief, including monetary and non-monetary damages, compensatory damages, and FMLA liquidated damages, as well as costs, expert witness and attorney's fees.

### III.  PARTIES

2.  Plaintiff is a naturalized United States citizen and at all material times hereto, was an Oregon resident.  Defendant employed her as an Associate Professor in Portland, Oregon from March 2018 through June 30, 2020.

3.  Defendant OHSU was a public corporation organized under the laws of the State of Oregon. Defendant conducts regular business and has its primary place of business in Multnomah County, Oregon.  Defendant was an "employer" within the meaning of and subject to Oregon State law, as well as Federal statutes relating to employee family and medical leave, as such leave related to an employee caring for a family member with a serious health condition.

### IV.  JURISDICTION & VENUE

4.  This Court has original jurisdiction under 28 U.S.C. 1331, and as stated in 29 U.S.C. 2617(a)(2).

5.  Plaintiff requests that pursuant to 28 U.S.C. 1367, the Court exercise supplemental jurisdiction over the alleged Oregon law claim because it arises from the same nucleus of operative facts as Plaintiff's Federal FMLA claims.

6.  Pursuant to ORS 30.260, *et seq.*, on December 28, 2021, Plaintiff's former counsel sent a written notice of claims to OHSU, by email and certified mail, to Defendant's General Counsel.  Upon information and belief, Defendant received the emailed copy of that notice

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

on December 28, 2021, and received the hard copy mailed notice on or about January 6, 2022.

7.  Venue is proper in this District and Division because: most of the presently-known acts and omissions alleged to give rise to the claims herein occurred in Multnomah County, Oregon; and Defendant conducts business and is located in one or more counties in this Division.

## V.    FACTUAL ALLEGATIONS

8.  Plaintiff is a Chinese American physicist with a Ph.D. from the University of California at Los Angeles in Biomedical Physics.  Plaintiff was an at-will, non-union employee of Defendant.  Her employment started in approximately March 2018, and lasted through June 30, 2020.  During employment, Plaintiff's job title was Assistant Professor for the Radiation Oncology Department.  Her duties included performing research and clinical work.

9.  Plaintiff's employment terminated on July 1, 2020.  Defendant recorded that date in Plaintiff's personnel records.

10. During Plaintiff's employment, Dr. James Tanyi was OHSU's Director of Physics, and Plaintiff's direct supervisor.  He had or should have had direct control over the terms and conditions of Plaintiff's employment.

11. In January 2019 Plaintiff sought and received FMLA-eligible leave.  That period of FMLA leave ended in approximately early March 2019.

12. In August 2019, Plaintiff informed her supervisor, and OHSU Human Resources employee Genavee Stokes-Avery, that due to Plaintiff's parents' health situation, Plaintiff would likely need to take FMLA leave again in 2020.

13. In response to certain colleagues having complained about Plaintiff (with which Plaintiff disagreed), in October 2019 Plaintiff was put on a Performance Improvement Plan ("PIP").

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

Plaintiff's supervisor, however, had asked Plaintiff to draft the PIP herself. Plaintiff did so

that same month. Because the PIP was imposed in response to Plaintiff's colleague's

complaints, the PIP superseded the colleague's complaints, or otherwise rendered them

irrelevant.

14. In 2019 Plaintiff's supervisor informed her there was no deadline to complete the PIP. He

also told Plaintiff that he had other, urgent and important projects for her to perform.

Plaintiff worked on those projects into 2020, and they took substantial time away from the

ability to work through the PIP goals.

15. In either October or November 2019, Plaintiff's supervisor indicated to her that he wanted

Plaintiff's contract to be renewed next year. In November 2019, he texted Plaintiff to tell her

in part, "Remember, you have one and only one job, to be a medical physicist, and you are a

damn good one. Never let personal complaints compromise who you are."

16. In either late February or early March 2020, as Plaintiff was nearing completion of the urgent

tasks her supervisor had assigned, he told Plaintiff that the PIP should be completed in May

2020.

17. Shortly after being informed the PIP needed to be completed in May, Plaintiff's father fell ill

and was admitted to a medical intensive care unit. She therefore provided notice of her

request for FMLA leave.

18. In March 2020, Plaintiff was found to be eligible for and entitled to take FMLA leave to care

for her father. Plaintiff relied upon that determination. Plaintiff's Department Administrator,

as well as OHSU Human Resources personnel and the Chief Operations Officer for the

School of Medicine, participated in the review of, or had knowledge of, Plaintiff's leave.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

19. By no later than the time that Plaintiff was granted FMLA leave starting in March 2020, Defendant was an employer subject to the FMLA.

20. By early March 2020, Plaintiff had completed nearly 75 percent of her self-drafted PIP.

21. Plaintiff's FMLA leave formally commenced on or about March 16, 2020.  Plaintiff traveled to China to start caring for her father.  Unfortunately, upon arrival she was subjected to a 14-day quarantine and could not immediately get to her father.  On the eleventh day of Plaintiff's quarantine, her father passed away.

22. After her father's passing, Plaintiff requested FMLA leave to care for her elderly mother, who also required care.  The request was approved, and approval was communicated to Plaintiff by a third-party administrator.  Plaintiff relied upon the determination of her FMLA eligibility, and/or granting of leave, to care for her mother. Plaintiff's supervisor and others were aware of her leave requests and eligibility.  Plaintiff's leave was approved to continue until approximately mid-May 2020.  During that same time period, however, Plaintiff's original return flight from China in May, was cancelled for that entire month.

23. By early May 2020, Plaintiff had not completed the October 2019 PIP because she was still on protected leave in China.  At some time between May 5 and May 11, however, Plaintiff reviewed an emailed letter dated May 1, 2020, from her supervisor.  The letter indicated that Plaintiff's position "will be discontinued on June 30, 2020 due to performance and funding, and you will not receive an employment contract renewal."

24. The un-completed PIP was the reason why Defendant claimed in the non-renewal letter that Plaintiff had not met "performance standards".

25. If Plaintiff had not taken protected FMLA leave in 2020, she would or could have completed the self-drafted PIP in May 2020.

COMPLAINT – Page 5
Case No. 3:22-cv-948

26. By deciding that Plaintiff had not met "performance standards" – which was a result of or could not be addressed due to Plaintiff's use of FMLA leave – Plaintiff's leave constituted a negative factor in OHSU's decision to not renew her contract.

27. On or about June 1, 2020, OHSU placed Plaintiff on paid leave for that month.  She remained in China.

28. In a phone call with her supervisor in early June 2020, he told Plaintiff that it was not his decision to not renew Plaintiff's contract; rather, OHSU Human Resources personnel drafted the non-renewal letter and asked him to sign it.  The Human Resources personnel had knowledge of Plaintiff's FMLA leave.

29. In mid-2020, in communicating with OHSU – including her supervisor and Human Resources personnel – Plaintiff offered to accept a reduced salary to remain employed.  OHSU did not change its non-renewal decision.

30. On or about July 1, 2020, Plaintiff's employment contract with OHSU expired.  Some of the same OHSU employees who had approved Plaintiff's spring 2020 FMLA leave, also approved Plaintiff's "termination".

31. Upon information and belief, Plaintiff was the only one in her department whose contract was not renewed to continue after June 30, 2020.

32. In August 2020, Plaintiff asked OHSU to reinstate her at her former position.  Defendant did not.  In September and October 2020, Plaintiff asked OHSU to remove "performance" as a reason for her non-renewal.  Defendant did not.

33. By early October 2020, Defendant publicly posted a job opening for Plaintiff's position.

34. In March 2021 Plaintiff contacted Defendant and requested employment at either OHSU's Beaverton or faculty satellite clinic.  OHSU did not offer her a position.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

35. As of May 11, 2021, Plaintiff's original position she had held until July 2020, was still posted as open.

36. In early June 2021, Plaintiff contacted Defendant's then-interim Director of Human Resources, and requested reinstatement.  The Director indicated OHSU would not do so.

37. On or about June 8, 2021, pursuant to ORS 652.750, Plaintiff submitted a request to OHSU for her personnel records.  In response, OSHU produced certain records to Plaintiff.  The "personnel records" OHSU produced to Plaintiff did not include complete information relating to Plaintiff's performance; nor did the records include either the complaints by Plaintiff's colleagues in 2019, or Plaintiff's PIP.

38. By producing the "personnel records" it did, OHSU effectively certified that those records were all that had been used to determine, for example, non-renewal of Plaintiff's contract.

39. By September 2021, in response to Plaintiff's communications with and efforts to seek reinstatement with Defendant, OHSU Human Resources personnel stated they did "not find any grounds to reinstate your employment or to modify the [May 2020 non-renewal] letter". With that response, Plaintiff had exhausted all avenues for internal relief.

40. During Plaintiff's search for new employment, it appeared that OHSU personnel may have caused certain information about Plaintiff to be disseminated to two prospective employers, with whom Plaintiff had applied for employment.  In one matter, the prospective employer had told Plaintiff during an interview that they would immediately send her a job offer. However, it was not sent.  Plaintiff later discovered that OHSU had caused information about Plaintiff to be sent or conveyed to that prospective employer.

41. As a result of Defendant's actions, Plaintiff suffered and continues to suffer: economic damages, including but not limited to lost wages and other compensation, where such losses

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

started on July 1, 2020; and noneconomic damages such as emotional distress and damage to reputation, where such losses started in May 2020 when Plaintiff reviewed her notice of nonrenewal.

## VI.   FIRST CLAIM FOR RELIEF
### FMLA Interference, Restraint or Denial of Rights
(29 U.S.C. 2601, *et seq.*)

42. Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

43. The Federal Family & Medical Leave Act permits eligible employees of covered employers to request and take unpaid leave from employment for events such as for when a family member has a serious medical condition.  The Act creates a private right of action for economic damages and equitable relief against any employer, including public agencies.

44. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any right provided under the Act.  It also prohibits an employer from considering an employee's use of FMLA leave as a "negative factor", when making any employment decision about the employee.  "Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act." 29 C.F.R. 825.220(b).

45. At all material times hereto, Defendant employed over 50 employees within 75 miles of Plaintiff's work location.  Plaintiff had also worked at least 1,250 hours in the 12 months prior to her FMLA leave date in March 2020.

46. In violation of 29 U.S.C. 2614(a) and 29 U.S.C. 2615(a)(1), by preventing Plaintiff from returning to her prior job position or its equivalent, and/or by terminating her, Defendant interfered with, restrained or denied Plaintiff's enjoyment of her FMLA-related rights.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

47. In deciding whether to renew Plaintiff's contract, Defendant considered Plaintiff's request
and/or use of protected leave in 2020 to be a "negative factor". An alleged performance
issue upon which an employer relies to justify termination, but which either (a) was the direct
result of FMLA leave, or (b) could not be addressed or rectified while the employee was on
leave, renders the protected leave "illusory".

48. Defendant's wrongful conduct alleged herein constitute unlawful employment practices in
violation of the FMLA. Defendant's conduct was willful because it either knew or showed
reckless disregard for whether the FMLA prohibited such conduct.

49. Plaintiff seeks a declaration that Defendant violated the FMLA, and that such violation was
willful.

50. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer
economic damages, including lost wages and benefits up to the time of trial and future losses,
in amounts to be determined at trial.

51. For Defendant's violations of the FMLA, pursuant to 29 U.S.C. 2617(a)(1) Plaintiff seeks an
award of past and future wages, employment benefits, and other compensation lost by reason
of Defendant's statutory violations, as well as reinstatement if feasible, liquidated damages,
plus interest on all amounts, and any other relief tailored to the harm suffered. Plaintiff seeks
an award of attorney's fees and costs, including reasonable expert witness fees pursuant to 29
U.S.C. 2617(a)(3).

## VII. SECOND CLAIM FOR RELIEF
### Wrongful Termination in Violation of Public Policy
### (Oregon State Common Law)

52. Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

53. To the extent Plaintiff's other claim(s) alleged herein do not provide Plaintiff full and adequate relief, Plaintiff hereby asserts a claim against Defendant for wrongful termination in violation of public policy.

54. The identified findings of Congress and the purposes and intent of the FMLA in 29 U.S.C. 2601 and 29 C.F.R. 825.101, reflect a fundamental public policy of protecting employees' workplace rights and benefits when they take leave to care for a family member suffering from a serious medical condition.

55. Defendant's termination of Plaintiff while on protected leave, violated the strong public policy embodied in the FMLA.

56. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer lost income and benefits and out-of-pocket expenses, in an amount to be proven at trial plus interest on all amounts.

57. As a result of Defendant's wrongful conduct, Plaintiff has suffered noneconomic harm in the form of emotional distress, embarrassment, humiliation, and damage to personal and professional reputation, for which Plaintiff is entitled in one or more amounts to be determined at trial.

## VIII. RESERVATION OF RIGHTS

58. Plaintiff reserves the right to withdraw, revise or add any claims, or add additional parties during the course of the litigation as more information is obtained.  For example, if through discovery Plaintiff learns of communications between OHSU and Plaintiff's prospective employers, that may have been made with an improper purpose or by an improper means, Plaintiff may seek leave to amend (or supplement, depending on the occurrence) the Complaint with a claim for intentional interference with a business or economic expectancy.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

59. In October 2021, Plaintiff, through her former counsel, filed a complaint (or, charge) with the Oregon Bureau of Labor & Industries Civil Rights Division.  That charge is still pending, but involves one or more other claims not asserted herein.  When BOLI concludes its investigation and/or otherwise issues a notice of right to sue letter, Plaintiff may seek leave to amend the Complaint.

60. If necessary, Plaintiff may seek an order granting equitable tolling of her FMLA claim, to the extent that since she was in China, upon receiving notice of the non-renewal decision, she could not have immediately instituted any FMLA action against Defendant.

## IX.  DEMAND FOR JURY TRIAL

61. Plaintiff requests a jury trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks and requests the following relief from Defendant:

1.  A declaration that Defendant violated Plaintiff's rights under the FMLA, and that the violation was willful;

2.  A permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which interfere with or deny any employee's FMLA rights, or result in Defendant's consideration of an employee's protected leave to be a negative factor, when rendering an employment decision;

3.  An order that Defendant institute policies, practices, training, and programs providing equal employment opportunities for all employees, and which eradicate the effects of interfering with or denying an employee's rights under the FMLA;

4.  An award of economic damages for all claims;

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

5. An award of liquidated damages for Defendant's FMLA violations;

6. An award of non-economic damages for Plaintiff's claim of wrongful termination in violation of public policy;

7. An award of future lost wages and compensation for all claims;

8. For pre- and post-judgment interest as applicable and permitted by law;

9. For an award of all reasonable costs, expert witness fees, and attorney's fees authorized by Federal law, State law, and/or rule or regulation; and

10. For all other equitable and monetary relief, as may be deemed appropriate or required to make Plaintiff whole and deter similar, future conduct by Defendant.

Signed June 30, 2022.

s/ *Chey K. Powelson*

Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496-5187
Attorney for Plaintiff